NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SORAIDA ISABEL MATEO ALONZO, | No. 18-70071 |
| Petitioner, | Agency No. A208-304-646 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 9, 2020
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and CARDONE,** District
Judge.

Petitioner Soraida Isabel Mateo Alonzo, an indigenous woman and citizen of

Guatemala, seeks review of an order entered by the Board of Immigration Appeals

("BIA") affirming an Immigration Judge's ("IJ") denial of her application for

asylum and withholding of removal under the Immigration and Nationality Act,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

and for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We affirm.

When the BIA "issues its own decision but relies in part on the [IJ's] reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)). "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). This means we "must uphold the agency's determination unless the evidence compels a contrary conclusion." *Id.*

1.     The BIA and IJ correctly concluded that Alonzo was not entitled to asylum or withholding of removal. Substantial evidence supports the agency's determination that there was no "causal connection" between her alleged harm and protected class. *See Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009). The evidence does not compel the conclusion that Alonzo's status as an indigenous Mayan woman was "a reason," let alone "one central reason," for her persecution. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017) (holding that a petitioner's protected status must be "a reason" for her alleged harm under the withholding-of-removal standard, and "one central reason" under the asylum standard). Notably, Alonzo's attacker, Garcia, was also indigenous, as were all the other residents of her town, and there was no evidence that Garcia ever referenced

2

her indigenous status or held any animus towards indigenous women generally. *See Singh v. Barr*, 935 F.3d 822, 826–27 (9th Cir. 2019) (finding no causal nexus even where the petitioner's assailants alluded to his protected status while attacking him). Alonzo also testified that she did not know why Garcia targeted her. Substantial evidence thus supported the agency's determination that Garcia's motivations were purely personal and sexual in nature.

The agency also properly allocated to Alonzo the burden of demonstrating that she could not reasonably avoid persecution by relocating within Guatemala. *See Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011). An applicant who fails to establish past persecution "bear[s] the burden of establishing that it would not be reasonable for him or her to relocate" within the country of origin. *Id.* (quoting 8 C.F.R. § 1208.13(b)(3)(i)). Here, Alonzo failed to establish past persecution because she did not demonstrate a "causal connection" between her protected status and her alleged persecution. *See Parussimova*, 555 F.3d at 742. It was therefore her burden to establish the unreasonableness of relocation.

Alonzo failed to satisfy that burden, assuming she did not waive the argument. *See Pres. Coal., Inc. v. Pierce*, 667 F.2d 851, 862 (9th Cir. 1982) ("Normally, we should consider only issues raised in the opening brief."); *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 n.6 (9th Cir. 2016). There was no evidence that Alonzo's attacker had the ability to pursue her beyond

town, nor that she feared persecution by anyone else. Although Alonzo speaks Kanjobal and has no contacts outside of her town, there are other Kanjobal speaking communities in Guatemala. Alonzo also admitted that she speaks and understands Spanish. Substantial evidence thus supported the agency's conclusion that relocation was reasonable.

2. The BIA also correctly concluded that Alonzo was not entitled to CAT protection. Substantial evidence supported the agency's determination that it was insufficiently likely that Alonzo would be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018) (quoting 8 C.F.R. § 1208.18(a)(1)). "Public officials acquiesce in torture if, 'prior to the activity constituting torture,' the officials: (1) have awareness of the activity (or consciously close their eyes to the fact it is going on); and (2) breach their legal responsibility to intervene to prevent the activity because they are unable or unwilling to oppose it." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (quoting *Ornelas–Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006)). "By contrast, [a] government does not acquiesce . . . merely because it is aware of torture but powerless to stop it." *Id.* (quoting *Mouawad v. Gonzales*, 485 F.3d 405, 413 (8th Cir. 2007)).

Here, there is no evidence in the record that, "prior to the activity

4

constituting torture," as alleged by Alonzo, any government officials were aware of or willfully blind to that activity. *See, e.g., Ornelas-Chavez*, 458 F.3d at 1059 (quoting 8 C.F.R. § 208.18(a)(7)). Alonzo admitted that she did not notify the police about the attack or death threats. Although "we have never required that an applicant report [her] alleged torture to public officials to qualify for relief under CAT," *id.* at 1060, the lack of a report creates a "gap in proof about how the government would respond," *Rahimzadeh v. Holder*, 613 F.3d 916, 922 (9th Cir. 2010). It is the petitioner's burden to fill that gap. *See id.*

Alonzo failed to satisfy her burden. She claims she did not report the incident because she had no access to police in her village, and because the police do not help indigenous women. A petitioner's "credible testimony 'may be sufficient to sustain the burden of proof.'" *Parada*, 902 F.3d at 915 (quoting 8 C.F.R. § 1208.16(c)(2)). Here, the IJ determined that "overall [Alonzo] . . . presented a credible claim," but could not find support for some of her assertions. Moreover, the record belies her claims. Alonzo had access to the police when she travelled to the town where the police were located to call her husband and notify him of the attack. And while she may have genuinely believed that the police do not help indigenous women, the evidence does not compel that conclusion nor suggest that they would not have tried to help her had she reported. *Cf. Ornelas-Chavez*, 458 F.3d at 1058 (requiring, in the withholding of removal context, that a

5

petitioner "convincingly establish that [notifying the police] would have been futile or have subjected [the petitioner] to further abuse").

Amicus claims that the country condition reports corroborate Alonzo's testimony, but that the BIA failed to properly consider that evidence. Such failure could constitute reversible error. *See Parada*, 902 F.3d at 914–16. However, the BIA need not "discuss every piece of evidence," *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006), and is presumed to have considered all the relevant evidence absent some indication to the contrary, *see Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). The BIA expressly acknowledged the country conditions in its decision, albeit in its analysis of Alonzo's asylum claim. This indicates that the BIA considered all the relevant evidence. *See* 8 C.F.R. § 1208.16(c)(3); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[T]he [BIA] does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (internal quotation marks and citation omitted)).

At any rate, the country reports "do not compel the conclusion that [Alonzo] would be tortured if returned" to Guatemala. *Almaghzar*, 457 F.3d at 923 & n.11 (declining to remand on petitioner's CAT claim where the agency had "already considered the issue" with the "benefit of the country condition reports").

Although the reports reveal broadly that the police had "minimal training or capacity to investigate sexual crimes," and that the "government did not enforce the law effectively," we have specifically held that such evidence is insufficient. *See Garcia-Milian*, 755 F.3d at 1033–35 (holding that Guatemala's ineffective enforcement of sex crimes does not constitute acquiescence).

*Madrigal v. Holder*, 716 F.3d 499, 509–10 (9th Cir. 2013), and *Parada*, 902 F.3d at 916, are not to the contrary. In those cases, we found evidence of acquiescence where officials were aware of the very criminal organizations that threatened to kill the petitioners. *See Parada*, 902 F.3d at 906–07, 915; *Madrigal*, 716 F.3d at 509–10. Here, by contrast, there is no such particularized evidence of acquiescence, such as police awareness of Garcia or of an associated gang. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (requiring evidence of a "*particularized threat* of torture" (internal quotation marks and citation omitted)). That the police have been "generally ineffective in preventing or investigating criminal activities" is not enough. *Garcia-Milian*, 755 F.3d at 1034. Accordingly, substantial evidence supported the denial of CAT protection.

The petition for review is **DENIED.**

7